UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

LaJEFF WOODBERRY,
         Debtor.
_____/

YUMI YOO WOODBERRY and
LaJEFF WOODBERRY,

         Appellants,

vs.

         Case No. 21-10482
         HON. GEORGE CARAM STEEH

MARK H. SHAPIRO,
CHAPTER 7 TRUSTEE,

         Adversary Proceeding 18-04356
         Bankruptcy No. 18-46856

         Appellee.
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S FEBRUARY 16, 2021 ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DISMISSING COUNTS AND AMENDING ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

LaJeff Woodberry ("Debtor") and his wife appeal the final order of the bankruptcy court granting the chapter 7 trustee's ("Trustee") motion to dismiss the remaining counts of the adversary proceeding and amending the court's order granting partial summary judgment to the Trustee. By separate order, this Court granted the Trustee's motion to dismiss LaJeff Woodberry from the appeal for lack of standing (ECF No. 7). Yumi Yoo

- 1 -

Woodberry remains as the sole appellant in this appeal. For the reasons stated below, the final order of the bankruptcy court is AFFIRMED.

## FACTUAL BACKGROUND

Debtor filed a petition for chapter 7 bankruptcy on May 9, 2018. On August 2, 2018, the Trustee filed a complaint seeking to avoid various transfers of property Debtor made to his wife Yumi Yoo Woodberry ("Yumi Yoo" or "appellant"). The Trustee believed the transfers to be fraudulent conveyances, made to avoid collection efforts of a judgment creditor. The issues involved in this appeal focus on the transfer of the Debtor's family home on Muirland Street in Detroit ("Muirland Property"). Approximately three months before filing bankruptcy, Debtor recorded a conveyance of the Muirland property to Yumi Yoo. To protect the estate's interest in the Muirland Property, the Trustee recorded a claim of interest against property with the Wayne County Register of Deeds under M.C.L. § 600.2705.

Two years into the litigation, the Trustee filed a motion for partial summary judgment, seeking to avoid the transfer of the Muirland Property by Debtor to Yumi Yoo. On July 8, 2020, the bankruptcy court held a hearing on the motion for partial summary judgment. During that hearing, Debtor revealed that the Muirland Property was mortgaged on November 4,

2019 (the "2019 Mortgage") for $192,500 (the "Proceeds"). Based on this information, on July 10, 2020, the Trustee filed a motion for temporary restraining order and preliminary injunction seeking to prohibit Yumi Yoo from disposing of the Proceeds and requiring Yumi Yoo to have the Proceeds held in trust pending the outcome of the adversary proceeding.

The bankruptcy court held a hearing on the TRO motion. On the record, the court repeatedly asked Debtor and Yumi Yoo what they had done with the Proceeds, but they failed to provide a satisfactory answer. On July 16, 2020, the bankruptcy court issued a preliminary injunction enjoining Yumi Yoo and Debtor from disposing of the Proceeds and required Yumi Yoo to provide the Trustee with documentation reflecting the net amount she received as well as the whereabouts of the Proceeds.

On September 1, 2020, after the court gave her a second chance to comply with its order, Yumi Yoo was held in contempt for failing to produce the required documents. (ECF No. 4-2, PageID.1370). Yumi Yoo filed a motion for reconsideration of the contempt order, which the court denied.

On September 9, 2020, the bankruptcy court (Judge Shefferly) entered an order granting the Trustee's motion for partial summary judgment. The order avoided the real property transfer between Debtor and

Yumi Yoo and recovered the Muirland Property for the bankruptcy estate. Following entry of the order, the Trustee learned that Yumi Yoo had refinanced the 2019 Mortgage on June 17, 2020, taking a $301,600 mortgage (the "2020 Refinanced Mortgage"). Because Yumi Yoo had extracted the equity from the Muirland Property, the Trustee moved for the bankruptcy court to amend the summary judgment order to include a money judgment against Yumi Yoo. The Trustee also moved to dismiss the remaining counts of the adversary proceeding. On February 16, 2021, the bankruptcy court (Judge Applebaum)[1] granted the Trustee's motion, dismissing the remaining counts of the complaint and amending the summary judgment order to include a $200,000 judgment against Yumi Yoo ("Final Adversary Order").

On March 2, 2021, Debtor and Yumi Yoo appealed the Final Adversary Order to this Court.

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's findings of fact for "clear error," and its conclusions of law "de novo." *Alt v. United States (In re Alt)*, 305 F.3d 413, 420 (6th Cir. 2002). "Clear error occurs only when...[there is]

---

[1] On December 30, 2020, Judge Applebaum was assigned to replace Judge Shefferly upon his retirement from the court. AO 20-13.

- 4 -

a definite and firm conviction that a mistake has been committed. If there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 241 (6th Cir. 2009) (internal quotation marks and citation omitted).

Here, appellant appeals the bankruptcy court's order amending the partial summary judgment order to grant additional relief to the Trustee under 11 U.S.C. § 550(a) in the form of a money judgment. Whether an interlocutory order should be amended is discretionary. *Colonial Bank v. Freeman (In re Pac. Forest Prods. Corp.)*, 335 B.R. 910, 916 (S.D. Fla. 2005) ("It is well-established that it is within a bankruptcy judge's discretion to reconsider any interlocutory order made prior to entry of final judgment"). The type of relief awarded under § 550 is also discretionary. *Suhar v. Bruno (In re Neal)*, 478 B.R. 261, 273 (B.A.P. 6th Cir. 2012).

An abuse of discretion exists when the reviewing court has a definite and firm conviction that the lower court made an error in judgment. *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991). A court abuses its discretion if it does not apply the correct legal standard or if it rests its decision on a clearly erroneous finding of material fact. *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 619 (6th Cir. 2010).

# ARGUMENT

## I. Timeliness of Motion to Amend

Appellant argues that the Trustee's motion to amend was untimely under Federal Rule of Civil Procedure 59(e). However, Rule 59(e) applies to motions to alter or amend judgments which are final orders in a case. The motion at issue in this case sought to amend an order granting partial summary judgment, disposing of only three counts of a 30-count complaint. This Court previously found that the very same order was not a final order for purposes of appeal. *Woodberry v. Shapiro (In re Woodberry)*, No. 20-12622, 2021 U.S. Dist. LEXIS 1473, at *5-6 (E.D. Mich. Jan. 5, 2021).

Orders that dispose of some, but not all, of the claims in an action are governed by Rule 54(b), which permits the revision of such interlocutory judgments at any time before entry of a final judgment. Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Rule 54(b) and additional caselaw was expressly and properly relied upon by the bankruptcy court in

its order granting the Trustee's motion to amend. (ECF no. 4-4 at Page ID 1951).

The Court finds no merit to appellant's argument that the motion to amend was untimely.

## II. Authority of Successor Judge

Appellant argues that Judge Applebaum did not have authority to amend Judge Shefferly's order. Judge Applebaum was assigned the underlying adversary proceeding by administrative order of the court following the retirement of Judge Shefferly (AO 20-13). Judge Applebaum thereby took the place of the prior judge. As such, Judge Applebaum had the authority to grant relief under 11 U.S.C. § 550(a) due to newly discovered evidence and to prevent manifest injustice.

In this case, Judge Applebaum explained that the Trustee was not able to request the additional relief in the original motion for partial summary judgment because the Trustee was not yet aware that appellant had refinanced the mortgage on the Muirland Property (Opinion on Motion to Amend, ECF 4-4 at PageID.1952 ("[t]he record shows that the Trustee did not learn that Defendant had extracted all of the equity from the Muirland Property until after entry of the summary judgment order[.]")). The

court viewed the new facts to be a substantial change in circumstances which, when viewed together with appellant's "failure to be forthcoming about the whereabouts of the Proceeds," warranted a money judgment against appellant. *Id*. at PageID.1952 fn.2.

The Court finds that Judge Applebaum had legal authority, as well as a factual basis, to amend the partial summary judgment order to include a money judgment against Yumi Yoo for $200,000.

## III. Standard for Amending Summary Judgment Order

Appellant maintains that there are material issues of disputed fact that make the bankruptcy court's addition of the $200,000 judgment against her improper under Rule 56. According to appellant, the first disputed issue is the Trustee's allegation that the Muirland Property is valueless. In support, appellant points out that the Trustee sold the Muirland Property for $150,000. The second disputed issue is the Trustee's allegation that appellant obtained the mortgage on the Muirland Property in violation of the Trustee's claim of interest.

The record evidence shows that the appellant mortgaged the Muirland Property twice after the Trustee filed the adversary proceeding

against her and recorded the claim of interest against the property – on November 4, 2019 for $192,500 and on June 17, 2020 for $301,600. The evidence also shows that the Muirland Property is worth less than $301,600:

1. The Closing Disclosure for the 2019 Mortgage indicates that the property appraised for $275,000. (Closing Disclosure, ECF No. 3-5, PageID.549)

2. In June 2018, Debtor filed an amended Schedule A/B to list the Muirland Property with a value of $265,500. (Amended Schedules, ECF No. 3-2, PageID.93)

3. In July 2019, in response to the court's inquiry about how much the home was worth, Debtor testified, "The last I checked the internet was what, like maybe 250, something like that." (Transcript Motion to Convert, ECF No. 3-4, PageID.444)

4. The State Equalized Value of the property was $96,000 in 2020. (Property Record Details, ECF No. 4-4, PageID.1820) (In Michigan, property is assessed at 50% of its true cash value M.C.L. § 211.27a (1))

Appellant has not produced any evidence that the Muirland Property is worth more than $301,600. Therefore, the bankruptcy court's determination that appellant "extracted all the equity from the Muirland Property [] after entry of the summary judgment order" (ECF No. 4-4 at PageID.1952) is not clearly erroneous. Appellant's argument that the bankruptcy court's order was based on disputed issues of material fact is overruled.

## IV. Trustee's Authority

Appellant next argues that the Trustee does not have authority to sell estate assets to pay its fees and costs at Debtor's expense. The argument relates to the Trustee's sale of the Muirland Property, which took place after this appeal was filed. This issue is not properly before the court.

## V. Rejection of Debtor's Offer to Pay Claims

Appellant argues that the Trustee does not have the authority to reject Debtor's offer to pay creditor claims in cash. While the record below refers to Debtor's desire to settle his case, the Court has not been directed to evidence that any concrete settlement offers were made to and rejected by the Trustee. In addition, the bankruptcy court previously denied appellant's motion to require Trustee to accept Debtor's payment of claims

and costs. (Opinion and Order, ECF No. 4-2, PageID.1301–1311). That order was not appealed. In short, whether any offers were made by appellant or Debtor to pay creditor claims is irrelevant to the issues before this Court.

## VI. Real Party in Interest

Finally, appellant argues that the bankruptcy court erred in granting the Trustee's motion to amend to include the $200,000 judgment against her because that improperly shifted the obligation to pay creditors from Debtor to appellant. Appellant mischaracterizes what occurred in this case, and misunderstands how the bankruptcy code works in general. The Trustee avoided the transfer of the Muirland Property by the Debtor to appellant because the transfer was a fraudulent conveyance. This was approved by the bankruptcy court. Once the transfer was avoided, the Trustee was entitled to relief under 11 U.S.C. § 550(a), which permits a trustee to recover the property transferred or, if the court so orders, the value of such property from the transferee. The purpose of § 550(a) is "to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." *In re Neal*, 478 B.R. at 273.

In this case, the transfer of property was made to appellant, who subsequently depleted the property of its equity. By rendering judgment against appellant for the value of the property at the time of the transfer, the bankruptcy court permitted the Trustee to recover the value of the property for the benefit of the estate. Appellant is therefore the real party interest.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the bankruptcy court's amended order of summary judgment, including the money judgment against appellant, is AFFIRMED.

So ordered.

Dated: July 12, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 12, 2021, by electronic and/or ordinary mail and also on
LaJeff Lee Percy Woodberry
18283 Muirland
Detroit, MI 48221
and
Yumi Yoo Woodberry
18283 Muirland
Detroit, MI 48221.

s/Leanne Hosking
Deputy Clerk